IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TRAVIS G. JERNIGAN | § | |
| VS. | § | CIVIL ACTION NO. 2:21cv019 |
| MORRIS COUNTY SHERIFF, ET AL. | § | |

<u>REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Travis Jernigan, an inmate confined within the Texas Department of Criminal Justice proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Jernigan's Amended Complaint**

The operative pleading in this proceeding is Jernigan's amended complaint, (Dkt. #12). An amended complaint entirely supersedes and takes the place of the original complaint. *See Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736 (5th Cir. 1986). He sues the Morris County Sheriff's Office and "Morris County Sheriff Staff," (Dkt. #12, pg. 1). While difficult to comprehend, Jernigan states that he has written correspondence to the Eastern District and the Texas Bar Association about an incident inside his cell dorm. Specifically, Jernigan states that he was with several other prisoners inside the dorm—and that he seeks "official review" of "violation civil rights [sic] for me and sexual civil rights defiled while asleep." *Id*. at pg. 6. He claims that "staff knowing or involved in civil rights violation," and that his "legal mail is being open[ed] by the defendant Morris County Sheriff and Staff, violation of mail." *Id*. Jernigan further states that he is concerned for his safety and that he feels "uncomfortable." *Id*.

**II. Legal Standards**

Under 28 U.S.C. § 1915A, a court shall review any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v.*

2

*Coffin*, 496 F. App'x 414 (5th Cir. Nov. 7, 2012) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

### III. Discussion and Analysis

Jernigan's civil rights proceeding should be dismissed. As an initial matter, the Court notes that Jernigan has not communicated with the Court since 2021, (Dkt. #20). A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished). Jernigan's failure to communicate with the Court after such a significant lapse in time evinces his failure to prosecute his lawsuit.

His amended complaint also suffers significant flaws. Under the Federal Rules of Civil Procedure, a party to a lawsuit must have the capacity to be sued. Fed. R. Civ. P. 17(b). A department of a local government entity must "enjoy a separate legal existence" to be subject to a lawsuit. *See Darby v. Pasadena Police Dep't.*, 939 F.2d 311, 313 (5th Cir. 1991). The Fifth Circuit has held that Texas law does not allow county or municipal police departments to be sued directly. *Id*. at 313-14; *see also Crull v. City of New Braunfels, Tex.*, 267 F. App'x 338, 341-42

(5th Cir. 2008) ("Therefore, the Police Department is not a separate legal entity apart from the City and the district court did not err in dismissing the claims against the Police Department.").

Accordingly, Jernigan's claim against the Marion County Sheriff's Office should be dismissed. *See Darby*, 939 F.2d at 313; *see also Pogorzelski v. Dallas Police Dep't*, 2020 WL 5045673 *2 (N.D. Tex. Aug. 5, 2020 ("As judges of this Court have repeatedly recognized, the Dallas Police Department is not a jural entity subject to suit."); *Lane v. Athens Police Dep't*., 2006 WL 1049966 at *3 (E.D. Tex. Mar. 24, 2006 ("While he does sue the Henderson County Jail, the jail is not a separate legal entity and cannot be sued in its own name."). Jernigan failed to state a claim upon which relief may be granted against Defendant Marion County Sheriff's Office.

Finally, with respect to the "Marion County Sheriff Office's Staff," Jernigan similarly fails to state a claim. While Jernigan pleads "violation civil rights [sic] for me and sexual civil rights defiled while asleep" and explains that "legal mail is being open[ed]," he provides no specifics. Personal involvement is an essential aspect of a section 1983 cause of action. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.") (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (must be an affirmative link between injury and conduct of defendant)).

The Fifth Circuit has held that a plaintiff must specify the personal involvement of each defendant in a section 1983 proceeding and "cannot make generalized allegations, nor can he support a claim based on any vicarious liability theory." *See Murphy v. Kellar*, 950 F.2d 290, 292 n.7 (5th Cir. 1992). In describing "personal involvement," the Supreme Court noted that "there must be an affirmative link between the incident and some act by the defendant." *Rizzo*, 423 U.S. at 363; *see also Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (explaining that a defendant "must be either personally involved in the acts causing the deprivation of a person's constitutional

rights, or there must be a causal connection between an act of the [defendant] and the constitutional violation sought to be redressed.").

Here, Jernigan's lack of specifics is fatal to his case. The docket reflects that the Court—in its Order to Amend, (Dkt. #4)—directed Jernigan to explain in detail how his rights were violated and to specify how each defendant personally violated his rights. Jernigan's amended complaint provides no facts and sparse details. As a result, he provides no affirmative link between any constitutional violation and some act by the defendants. Jernigan therefore failed to state a claim upon which relief may be granted. Jernigan has been given the opportunity to plead his best case, and his lawsuit should be dismissed.

## RECOMMENDATION

It is therefore recommended that Plaintiff Jernigan's lawsuit be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 15th day of February, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

5